UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X

ROBERT LYNCH &
CHRISTOPHER ALEXANDER,
    Plaintiffs,

   v.

THE CITY OF NEW YORK,
NEW YORK CITY POLICE DETECTIVE
YLKA MORALES, Tax # ***384,
547 Command,
NEW YORK CITY POLICE OFFICER
JOHN USKE. Shield # 2554,
84TH Precinct,
    Defendants.
-------------------------------------------------------X

# CV 18-2755

**COMPLAINT**

**BLOCK, J.**

**REYES, M.J.**

BROOKLYN OFFICE

★ FILED IN CLERK'S OFFICE US DISTRICT COURT E.D.N.Y. ★

MAY 09 2018

## PRELIMINARY STATEMENT

1. This is a Civil Rights Action in which Plaintiffs, ROBERT LYNCH and CHRISTOPHER ALEXANDER, seeks redress for the Defendant's violations of rights secured by the Civil Rights Act of 1866 and 1871, 42 U.S.C 1983 and of the rights secured by the Fourth Amendment, and by the Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and/or rights secured under the laws and Constitution of the State of New York.

## JURISDICTION

2. Jurisdiction is conferred upon this Court by 28 U.S.C. Sections 1331, 1343(3), this being an action seeking redress for the violation of Plaintiffs' Constitutional and Civil Rights. The amount of damages in controversy exceeds One Hundred and Fifty Thousand ($150,000.00) Dollars, exclusive of interest and costs.

3. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C Sections 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

4. The Plaintiffs further invokes this Court's pendant jurisdiction, pursuant to 28 U.S.C. Section 1367(a), over any and all State claims as and against all parties that are so related to claims in

this action within the original jurisdiction of this Court that they form part of the same case or controversy.

5.  The Plaintiffs demand a jury trial on each and every one of the claims pleaded herein.

VENUE

6.  Venue is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. Sections 1391(a), (b) and (c).

PARTIES

7.  The Plaintiffs, ROBERT LYNCH and CHRISTOPHER ALEXANDER, are both United States Citizens, and are, and at all times relevant herein, residents of the State of New York.

8.  Defendants, NEW YORK CITY POLICE DETECTIVE YLKA MORALES, Tax # ***384, of Command 547, and NEW YORK CITY POLICE OFFICER JOHN USKE, Shield # 2554, upon information and belief of the 84th Precinct, are at all times relevant, Officers and employees/agents of THE NEW YORK CITY POLICE DEPARTMENT, a municipal agent of Defendant CITY OF NEW YORK. Defendants, NEW YORK CITY POLICE DETECTIVE MORALES and NEW YORK CITY POLICE OFFICER USKE are sued individually and in their official capacity.  At all times relevant, Defendants NEW YORK CITY POLICE OFFICERS MORALES and USKE were acting under the color of State Law in the course and scope of their duties and functions as agents, servants, employees and Officers of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK and otherwise performed and engaged in conduct incidental to the performance of their lawful duties. Defendants, NEW YORK CITY POLICE DETECTIVE MORALES and NEW YORK CITY POLICE OFFICER USKE, were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein with the power and authority vested in them as Police Officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, and incidental to the lawful pursuit of their duties as

2

Officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK.

9. Defendant CITY OF NEW YORK is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a Police Department which acts as its agent in the area of Law Enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risk incidental to the maintenance of a Police Department and the employment of Police Officers as said risk attaches to the public consumers of the services provided by THE NEW YORK CITY POLICE DEPARTMENT.

10. THE NEW YORK CITY POLICE DEPARTMENT, while not a named Defendant, is nevertheless a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to carry out all police functions for Defendant CITY OF NEW YORK, and assumes the risk incidental to the maintenance of a police force and the employment of Police Officers, including the named Defendant New York City Police Officers.

## STATEMENT OF FACTS

### First Incident

11. On May 19, 2015 at approximately 11:30 p.m. the Plaintiffs, ROBERT LYNCH and CHRISTOPHER ALEXANDER, were inside of 420 Autumn Avenue in Kings County, the home of Plaintiff ALEXANDER, when members of the NEW YORK CITY POLICE DEPARTMENT, including named Defendant Officers MORALES and USKE entered the location with their weapons drawn. Named Defendants ordered the Plaintiffs to get on the floor with their hands behind their backs. Named Defendant NEW YORK CITY POLICE DETECTIVE MORALES did then, for no apparent or lawful reason, forcefully kick Plaintiff ROBERT LYNCH on the right side of his torso while Plaintiff LYNCH was prone on the floor, causing Plaintiff LYNCH to experience extreme pain. Both Plaintiffs repeatedly asked Defendant DETECTIVE MORALES to produce a search warrant for the location, which was not provided to either Plaintiff. While inside Plaintiff ALEXANDER'S residence named

3

Defendant OFFICER MORALES and other members of THE NEW YORK CITY POLICE DEPARTMENT damaged personal property belonging to Plaintiff ALEXANDER and broke the front and back door of the entrance in accessing Plaintiff ALEXANDER'S apartment. Plaintiff LYNCH was subsequently handcuffed and transported to the 75th Precinct.  While on the way to the precinct Plaintiff LYNCH repeatedly complained of pain to his side and stomach as a result of the alleged conduct of Defendant DETECTIVE MORALES which complaints were ignored by Defendant DETECTIVE MORALES.  Plaintiffs ALEXANDER and LYNCH were held in custody by Defendant DETECTIVE MORALES for several hours before being released from custody after being issued summonses for violating Penal Law Section 240.20 (Disorderly Conduct) which were returnable July 17, 2015.  Both Plaintiffs were required to attend Court on July 15, 2015, where Plaintiffs LYNCH and ALEXANDER were informed that Defendant DETECTIVE MORALES failed to submit a legally acceptable accusatory instruments to the Criminal Court.

### Second and Third Incidents

12. On March 7, 2016 and on April 5, 2016 Plaintiff CHRISTOPER ALEXANDER was inside 420 Autumn Avenue in Kings County when named Defendant NEW YORK CITY POLICE OFFICER JOHN USKE and other members of the NEW YORK CITY POLICE DEPARTMENT again forcefully entered Plaintiff ALEXENDER'S residence.  Defendant OFFICER USKE and other members of the NEW YORK CITY POLICE DEPARTMENT began to search Plaintiff ALEXANDER'S residence.  Plaintiff ALEXNDER was handcuffed by Defendant OFFICER USKE, who applied the handcuffs so tightly on each occasion that Plaintiff CHRISTOPHER ALEXANDER was required to seek medical attention at a local area hospital where Plaintiff ALEXANDER was diagnosed with Paresthesia on April 26, 2016, which is still present.  On both occasions Plaintiff ALEXANDER asked Defendant OFFICER USKE for a search warrant.  Defendant OFFICER USKE did not produce or show Plaintiff a

4

search warrant on April 5, 2016 and failed to obtain one from a Court for the entry to Plaintiff's residence on April 5, 2016.

## FIRST FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution, Unlawful Search

13. The Plaintiffs incorporate by reference each of the allegations set forth in Paragraphs One (1) through Twelve (12) as if fully set forth herein.

14. Upon information and belief, on May 19, 2015 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE MORALES and Defendant NEW YORK CITY POLICE OFFICER USKE, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully searching the Plaintiffs without lawful reason or cause.

15. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE MORALES and Defendant NEW YORK CITY POLICE OFFICER USKE occurred in and during the course and scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## SECOND FEDERAL CLAIM

### Violation of Rights Se cured by Section 42 U.S.C. 1983 and The Fourth and Fourteenth Amendments to the United States Constitution- False Arrest

16. The Plaintiffs incorporate by reference the allegations contained in Paragraphs One (1) through Fifteen (15) as if fully set forth herein.

17. Upon information and belief, on May 19, 2015 the conduct of Defendant NEW YORK CITY POLICE DETECTIVE MORALES and Defendant NEW YORK CITY POLICE OFFICER USKE, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully placing the Plaintiffs under arrest without lawful reason or cause.

18. That the actions of Defendant NEW YORK CITY POLICE DETECTIVE MORALES and Defendant NEW YORK CITY POLICE OFFICER USKE, occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff.

## THIRD FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Excessive Force

19. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Eighteen (18) as if fully set forth herein.

20. Upon information and belief, on May 19, 2015, the conduct of named Defendant, NEW YORK CITY POLICE DETECTIVE MORALES, acting under color of State law, violated Section 42 U.S.C 1983 by unlawfully using excessive force upon Plaintiff ROBERT LYNCH by kicking him in the torso, without lawful reason or cause, causing injury to Plaintiff LYNCH.

21. That the actions of Defendants, NEW YORK CITY POLICE DETECTIVE MORALES occurred in and during the scope of his duties and functions as a New York City Police Officer, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff ROBERT LYNCH.

## FIFTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth and Fourteenth Amendments to the United States Constitution- Excessive Force

22. The Plaintiff incorporates by reference the allegations contained in Paragraphs One (1) through Twenty One (21) as if fully set forth herein.

23. Upon information and belief, on March 7, 2016 and April 5, 2016 the conduct of Defendant NEW YORK CITY POLICE OFFICER JOHN USKE, acting under color of State Law, violated Section 42 U.S.C. 1983 by unlawfully and without lawful reason or cause, intentionally applying handcuffs to Plaintiff CHRISTOPHER ALEXANDER, causing permanent nerve damage to Plaintiff CHRISTOPHER ALEXANDER's wrists, resulting in the necessity of future medical procedures to Plaintiff ALEXANDER.

24. That the actions of Defendant NEW YORK CITY POLICE OFFICER USKE occurred in and during the scope of his duties and function as a New York City Police Officer, and while acting as agent and employee of the NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF NEW YORK resulting in the aforementioned and hereinafter mentioned harm to Plaintiff ALEXANDER.

## SIXTH FEDERAL CLAIM

### Violation of Rights Secured by Section 42 U.S.C. 1983 and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution- Due Process Violations

25. The Plaintiff incorporates by reference each of the allegations contained in Paragraphs One (1) through Twenty Four (24) as if fully set forth herein.

26. Upon information and belief, on May 19, 2015, the conduct of named Defendants, NEW YORK CITY POLICE DETECTIVE MORALES and Defendant NEW YORK CITY POLICE OFFICER USKE, acting under color of State Law, violated Section 42 U.S.C. 1983 by damaging the personal property of Plaintiff CHRISTOPHER ALEXANDER causing Plaintiff ALEXANDER the loss of the use and enjoyment of his personal property, without lawful reason or cause.

27. That the actions of Defendant, NEW YORK CITY POLICE DETECTIVE MORALES and Defendant NEW YORK CITY POLICE OFFICER USKE occurred in and during the scope of their duties and functions as New York City Police Officers, and while acting as employees and agents of THE NEW YORK CITY POLICE DEPARTMENT and Defendant CITY OF

NEW YORK, resulting in the aforementioned and hereinafter mentioned harm to Plaintiff CHRISTOPHER ALEXANDER.

WHEREFORE, the Plaintiffs demand the following relief, jointly and severably, against all Defendants:

1. Compensatory Damages for both Plaintiffs.

2. Punitive Damages against Defendant NEW YORK CITY POLICE DETECTIVE YLKA MORALES and Defendant NEW YORK CITY POLICE OFFICER JOHN USKE.

3. A Court Order pursuant to 42 U.S.C, 1998 that the Plaintiffs are entitled to costs of the instant action, and attorney fees.

4. Such other and further relief as the Court may deem necessary and appropriate, including declaratory relief.

Dated: May 8, 2018
New York, NY

VICTOR M. BROWN, ESQ.
(VB-5289)
11 Park Place, Suite 1100
New York, NY 10007
(212) 227-7373

**Via ECF**